**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| HOMER E. HOSKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-00263-TWP-MJD |
| | ) | |
| JEFF AT MIDTOWN, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Denying Motion to Proceed *In Forma Pauperis,* Dismissing Complaint, and Directing Entry of Final Judgment**

## I. Motions

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **denied** because although it is difficult to read, it appears that the plaintiff has sufficient funds to pay the filing fee for this action.

The plaintiff's blank motion [dkt. 3] is **denied** because it seeks no ruling from the Court.

## II. Dismissal of the Complaint

The complaint is subject to the screening requirement of 28 U.S.C. § 1915(e)(2)(B). This statute requires the Court to dismiss a complaint or claim within a complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

The plaintiff sues "Jeff at Midtown," asserting as follows:

**Supporting Facts**: (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

On Feb 17 2016 I was at Midtown
I asked Jeff for a ride he
told me no but he took all of
the other patients of [illegible] a
ride. He keeps telling me
I am manic which I am not

Although difficult to read, it appears that Jeff is the plaintiff's care coordinator at Midtown.[1] The plaintiff appears to allege that Jeff refused to give the plaintiff a ride, but that Jeff would give other patients a ride, and that Jeff called the plaintiff manic. The plaintiff seeks relief of ten million dollars.

The plaintiff's allegations fall well short of stating a legal claim, and this action must therefore be dismissed for lack of jurisdiction. A complaint that is wholly insubstantial does not invoke the district court's subject-matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *African-American Slave Descendants Litig*., 471 F.3d 754, 757 (7th Cir. 2006). "When it becomes clear that a suit filed *in forma pauperis* is irrational, the district court is required to dismiss it, *see* 28 U.S.C. § 1915(e)(2)(B)(I)." *Ezike v. National R.R. Passenger Corp*., 2009 WL 247838, *3 (7th Cir. 2009). That is the case here; this case is frivolous and deserves no further judicial time. *See Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002). Judgment consistent with this Entry shall issue.

---

[1] The Court notes that Midtown provides mental health services.

**IT IS SO ORDERED.**

Date: 2/27/2015

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

HOMER E. HOSKINS
245 E. Market St.
Indianapolis, IN 46204